**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

| | |
|---|---|
| Heidi Wollerman, individually and on behalf of all others similarly situated, | 1:22-cv-02169-NYW |
| Plaintiff, | |
| - against - | Corrected Class Action Complaint |
| Silk Operating Company LLC, | |
| Defendant | Jury Trial Demanded |

Plaintiff Heidi Wollerman ("Plaintiff") alleges upon information and belief, except for allegations about Plaintiff, which are based on personal knowledge:

1. Silk Operating Company LLC ("Defendant") manufactures, distributes, labels, markets, and sells Salted Caramel Almond Creamer under the Silk brand highlighting "4g Protein" ("Product").



2. Protein is important for 43% of consumers when choosing foods and beverages.

3. Defendant markets the Product to consumers seeking protein from dairy alternative beverages.

4. The "4g Protein" is in large font and stands out against the white background.

5. "4g Protein" is an expressed nutrient content claim because it "is a[ny] direct statement about the level (or range) of a nutrient in the food." 21 C.F.R. § 101.13(b)(1).

6. Nutrient content claims are regulated by the Food and Drug Administration ("FDA") to prevent consumers from being deceived by the numerous ways companies can use terms and figures to sell their products.

7. To the right of the protein claim, in thin gray font against the white background, the label states "8% DV Per 4 TBSP."

8. To the lower left of the protein claim in smaller lower case letters, the label states "See nutrition information for protein and added sugar content."

9. Both of these statements are barely visible.

10. Consumers will expect that "4g Protein" refers to the protein content they will receive from one serving.

11. However, the Nutrition Facts reveals the standard serving size is 1 tablespoon ("tbsp") or 15 mL, which provides 1g of protein.[1]

---

[1] 21 CFR 101.12(b), Table 2, listing "Cream or cream substitutes, fluid" as having a reference amount of 15 mL or 1 tbsp.

## Nutrition Facts

About 63 servings per container
Serving size        1 Tbsp (15 mL)

| Calories | Per serving **25** | | Per Suggested Use (4 Tbsp) **100** | |
|---|---|---|---|---|
| | | % DV* | | % DV* |
| **Total Fat** | 1g | 1% | 4g | 5% |
| Saturated Fat | 0g | 0% | 0g | 0% |
| Trans Fat | 0g | | 0g | |
| Polyunsaturated Fat | 0g | | 0.5g | |
| Monounsaturated Fat | 1g | | 3g | |
| **Cholesterol** | 0mg | 0% | 0mg | 0% |
| **Sodium** | 50mg | 2% | 200mg | 9% |
| **Total Carbohydrate** | 3g | 1% | 11g | 4% |
| Dietary Fiber | 0g | 0% | 0g | 0% |
| Total Sugars | 3g | | 10g | |
| Incl. Added Sugars | 3g | 6% | 10g | 20% |
| **Protein** | 1g | 2% | 4g | 8% |
| Vitamin D | 0mcg | 0% | 0mcg | 0% |
| Calcium | 0mg | 0% | 0mg | 0% |
| Iron | 0.1mg | 0% | 0.6mg | 4% |
| Potassium | 0mg | 0% | 0mg | 0% |
| Vitamin A | 90mcg | 10% | 380mcg | 40% |

* The % Daily Value (DV) tells you how much a nutrient in a serving of food contributes to a daily diet. 2,000 calories a day is used for general nutrition advice.

12. Though the Nutrition Facts has two columns, the second column of "Per Suggested Use," is not permitted or authorized by the FDA. 21 CFR 101.9(b)(12)(i)-(ii).

13. Nutrient content claims are required to be based on serving size subject to limited exceptions, none of which is applicable here.

14. Defendant uses this second column to justify the front label claim of "4g Protein" by telling consumers that must consume four times the recommended amount – four tablespoons – to get this much protein.

15. No statute, regulation, or industry custom contemplates a "Suggested Use" designation for foods and beverages.

16. The phrase "suggested use" is only used in the context of dietary supplements, which are distinct from standard foods and beverages in terms of the labeling permitted.

17. If consumers follow Defendant's "Suggested Use" and consume four times a standard serving, they will be consuming more than three times the amount of added sugars and 20% of the daily value.

18. Added sugars are a leading factor in obesity and other chronic diseases.

19. The Dietary Guidelines advise consumers to limit added sugars.

20. If consumers follow the information on the Nutrition Facts, they will not get 63 servings but slightly less than 16, four times less.

21. While rules exist for where a product with dual columns makes nutrient content claims, they only apply where the dual columns are required, instead of here, and are still based on the serving size.

22. Competitor products truthfully represent their protein content based on serving size instead of a "suggested use" amount.

23. Defendant makes other representations and omissions with respect to the Product which are false and misleading.

24. The value of the Product that Plaintiff purchased was materially less than its value as represented by Defendant.

25. Defendant sold more of the Product and at higher prices than it would have in the absence of this misconduct, resulting in additional profits at the expense of consumers.

26. Had Plaintiff known the truth, she would not have bought the Product or would have paid less for it.

27. As a result of the false and misleading representations, the Product is sold at a

4

premium price, approximately no less than $4.99 per 32 oz, excluding tax and sales, higher than similar products, represented in a non-misleading way, and higher than it would be sold for absent the misleading representations and omissions.

## Jurisdiction and Venue

28. Jurisdiction is based on the Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2).

29. The aggregate amount in controversy exceeds $5 million, including any statutory and punitive damages, exclusive of interest and costs.

30. Plaintiff Heidi Wollerman is a citizen of Massachusetts.

31. Defendant Silk Operating Company LLC is a Delaware limited liability company with a principal place of business in Broomfield, Colorado, Broomfield County.

32. The members of Defendant are WWF Operating Company, a Delaware corporation with a principal place of business in Broomfield, Colorado and Danone North America Public Benefit Corporation, a Delaware public benefit corporation with a principal place of business in White Plains, New York.

33. Defendant is a citizen of Delaware, Colorado and New York.

34. The class of persons Plaintiff seeks to represent includes persons who are citizens of different states from which Defendant is a citizen.

35. The members of the class Plaintiff seeks to represent are more than 100, because the Product has been sold with the representations described in thousands of locations in the States covered by Plaintiff's proposed classes.

36. Venue is in this District because one of Defendant's members is a corporation is subject to personal jurisdiction in this State.

37. The Court has jurisdiction over Defendant because it transacts business within this State through the marketing, sale, and distribution of the Product.

### Parties

38. Plaintiff is a citizen of Lynn, Massachusetts, Essex County.

39. Defendant Silk Operating Company LLC is a Delaware limited liability company with a principal place of business in Broomfield, Colorado, Broomfield County.

40. Defendant is the world's leading seller of plant-based beverages.

41. The Product is available to consumers from grocery stores, warehouse club stores, drug stores, convenience stores, big box stores, and online.

42. Defendant has spent millions of dollars on research to identify attributes of products consumers want and will pay more for.

43. Defendant's studies and records confirmed that consumers increasingly seek dairy alternative beverages with qualities that dairy products are known for, such as high protein content.

44. Plaintiff purchased the Product at locations including Stop and Shop, 316 Grove St, Braintree, MA 02184, between June 2022 and August 2022, among other times.

45. Plaintiff believed and expected the Product contained four grams of protein per serving, because that is what the representations and omissions said and implied, on the front label and the absence of any adequate disclaiming statements.

46. Plaintiff wanted to purchase a dairy alternative product which had a protein content closer to what dairy products contain.

47. Plaintiff relied on the words, terms coloring, descriptions, layout, placement, packaging, and/or images on the Product, on the labeling, statements, omissions, claims, statements, and instructions, made by Defendant or at its directions, in digital, print and/or social

media, which accompanied the Product and separately, through in-store, digital, audio, and print marketing.

48. Plaintiff bought the Product at or exceeding the above-referenced price.

49. Plaintiff would not have purchased the Product if she knew the representations and omissions were false and misleading or would have paid less for it.

50. Plaintiff chose between Defendant's Product and products represented similarly, but which did not misrepresent their attributes, requirements, instructions, features, and/or components.

51. Plaintiff is unable to rely not only on Defendant's representations but those of other companies selling dairy alternative beverages which tout their protein content, because she is unsure whether their representations are truthful.

52. Plaintiff paid more for the Product than she otherwise would have absent Defendant's false and misleading statements and omissions.

## Class Allegations

53. Plaintiff seeks certification under Fed. R. Civ. P. 23 of the following classes:

> **Massachusetts Class:** All persons in the State of Massachusetts who purchased the Product during the statutes of limitations for each cause of action alleged; and
>
> **Consumer Fraud Multi-State Class**: All persons in the States of Montana, Colorado, New Mexico, Idaho, South Carolina, Utah, Mississippi, and Alaska who purchased the Product during the statutes of limitations for each cause of action alleged.

54. Common questions of issues, law, and fact predominate and include whether Defendant's representations were and are misleading and if Plaintiff and class members are entitled to damages.

7

55. Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair, misleading, and deceptive representations, omissions, and actions.

56. Plaintiff is an adequate representative because her interests do not conflict with other members.

57. No individual inquiry is necessary since the focus is only on Defendant's practices and the class is definable and ascertainable.

58. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

59. Plaintiff's counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

60. Plaintiff seeks injunctive relief because the practices continue.

<u>Violation of State Consumer Fraud Acts Colorado and the</u>

<u>Consumer Protection Act ("CCPA"), Colo. Rev. Stat. § 6-1-101 et seq.</u>

61. The Consumer Fraud Acts of the States in the Consumer Fraud Multi-State Class and that of Colorado are similar prohibit the use of unfair or deceptive business practices in the conduct of commerce.

62. Defendant intended that the Class would rely upon its deceptive conduct.

63. As a result of Defendant's use of artifice, and unfair or deceptive acts or business practices, the members of the Class sustained damages.

<u>Breaches of Express Warranty,</u>
<u>Implied Warranty of Merchantability/Fitness for a Particular Purpose</u>
<u>and Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*</u>

64. The Product was manufactured, identified, marketed, and sold by Defendant and expressly and impliedly warranted to Plaintiff that it contained four grams of protein per serving.

8

65. Defendant directly marketed the Product to Plaintiff through its advertisements and marketing, through various forms of media, on the packaging, in print circulars, direct mail, product descriptions distributed to resellers, and targeted digital advertising.

66. Defendant knew the product attributes that potential customers like Plaintiff were seeking and developed its marketing and labeling to directly meet those needs and desires.

67. Defendant's representations about the Product were conveyed in writing and promised it would be defect-free, and Plaintiff understood this meant that it contained four grams of protein per serving.

68. Defendant's representations affirmed and promised that the Product contained four grams of protein per serving.

69. Defendant described the Product so Plaintiff believed it contained four grams of protein per serving, which became part of the basis of the bargain that it would conform to its affirmations and promises.

70. Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Product.

71. This duty is based on Defendant's outsized role in the market for this type of Product, a leading seller of dairy alternative beverages.

72. Plaintiff recently became aware of Defendant's breach of the Product's warranties.

73. Plaintiff provided or will provide notice to Defendant, its agents, representatives, retailers, and their employees.

74. Plaintiff provides notice to Defendant that it breached the express and implied warranties associated with the Product.

75. Defendant received notice and should have been aware of these issues due to

9

complaints by third-parties, including regulators, competitors, and consumers, to its main offices, and by consumers through online forums.

76. The Product did not conform to its affirmations of fact and promises due to Defendant's actions.

77. The Product was not merchantable because it was not fit to pass in the trade as advertised, not fit for the ordinary purpose for which it was intended and did not conform to the promises or affirmations of fact made on the packaging, container, or label, because it was marketed as if it contained four grams of protein per serving.

78. The Product was not merchantable because Defendant had reason to know the particular purpose for which the Product was bought by Plaintiff, because she expected it contained four grams of protein per serving, and she relied on Defendant's skill and judgment to select or furnish such a suitable product.

79. Plaintiff would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

Fraud

80. Defendant misrepresented and/or omitted the attributes and qualities of the Product, that it contained four grams of protein per serving.

81. Moreover, the records Defendant is required to maintain, and/or the information inconspicuously disclosed to consumers, provided it with actual and constructive knowledge of the falsity and deception, through statements and omissions.

82. Defendant knew of the issues described here yet did not address them.

83. Defendant's fraudulent intent is evinced by its knowledge that the Product was not consistent with its representations.

<u>Unjust Enrichment</u>

84. Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of Plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

<u>Jury Demand and Prayer for Relief</u>

Plaintiff demands a jury trial on all issues.

**WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying Plaintiff as representative and the undersigned as counsel for the class;
2. Awarding monetary damages, statutory and/or punitive damages pursuant to any statutory claims, restitution and interest pursuant to the common law and other statutory claims;
3. Entering preliminary and permanent injunctive relief by directing Defendant to correct the challenged practices to comply with the law;
4. Awarding costs and expenses, including reasonable fees for Plaintiff's attorneys and experts; and
5. Other and further relief as the Court deems just and proper.

Dated:   August 26, 2022

Respectfully submitted,

/s/Spencer Sheehan

Sheehan & Associates, P.C.
60 Cuttermill Rd Ste 412
Great Neck NY 11021
Tel: (516) 268-7080
spencer@spencersheehan.com